MANVILLE D. INGRAM and others *vs.* CHARLES CONWAY, defendant, and GEORGE W. STEWART, garnishee.

December 6, 1886.

**Insolvency—Approval of Bond of Assignee.**—The judge of the district court in one district may approve a bond required to be filed by an assignee for the benefit of creditors, and which is to be filed in a county of another district. It appearing by the bond that the obligors reside in the same place with the judge called on to act, this is a sufficient showing that convenience requires his acting.

Upon the commencement of this action plaintiff duly garnished George W. Stewart, whose disclosure was taken before a referee. From the disclosure it appeared that the garnishee held no property of defendant except under an assignment for the benefit of creditors made to him by the defendant prior to the garnishment. The assignment was made in Crow Wing county in the eleventh judicial district where the defendant resided. At the time of the assignment, the garnishee filed a bond as assignee, which bond was approved on December 7, 1885, at the city of St. Cloud, in Stearns county, by the judge of the seventh judicial district. The assignee and the sureties on his bond all resided at St. Cloud. The judge of the eleventh judicial district resided at Duluth, about 140 miles from St. Cloud. Plaintiff appeals from an order by *Koon,* J., discharging the garnishee.

*Arctander & Arctander,* for appellants.

*P. M. Babcock,* for respondents.

GILFILLAN, C. J. It is conceded that if the judge of the seventh judicial district had authority to approve the assignee's bond, the case was rightly decided in the court below. Gen. St. 1878, *c.* 64, § 5, provides that "th~ ~udge of any district shall discharge the duties of

v.36M—9

the judge of any other district when *convenience* or the public interest requires it." We think such a case as this comes directly within the intent of this provision. It was made to subserve *convenience*. The only persons whose convenience was involved were the assignee and his sureties, who lived in the same place with the judge who approved the bond; and, to go before the judge of the eleventh judicial district, they would have been obliged to travel a great distance. The bond showed where the parties to it resided, and that was a sufficient showing that convenience justified the judge in acting.

Order affirmed.